# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY ⟨⟩ D.C.

JUL 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**RAYON PAYNE,**
*Plaintiff,*

V.                                                                    Case #

**REBECCA ROQUE,**
**RAFAEL ORDONEZ, MICHELE WILCOX-PETRITES,**
**KENNETH ADEBONOJO,**
**JOHNNY WALKER,**
**JOHN DOE 1–50**
*Defendants.*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

*(Civil Rights Conspiracy Pursuant to 42 U.S.C. § 1985(3) and Fifth Amendment Due Process Violations)*

## INTRODUCTION

1. Plaintiff Rayon Payne, a 51-year-old lawful permanent resident who has resided in the United States for over 40 years, brings this civil rights action to challenge his unlawful, ongoing immigration detention, the severe violation of his constitutional rights, and an unconstitutional inter-agency conspiracy designed to strip him of meaningful access to the courts.

2. This action arises from a coordinated, cross-jurisdictional conspiracy executed by federal attorneys and officials spanning Washington, D.C., and the Southern District of Florida. Defendants have actively fabricated a "catch-22" legal trap: the government is prosecuting Plaintiff in removal proceedings using a fraudulent

1

criminal timeline, while simultaneously collaborating across agencies to conceal and withhold Plaintiff's official immigration record (his "A-File") in a separate D.C. lawsuit.

3. By redacting vital historical evidence, misrepresenting state court records, and blocking Plaintiff's access to his own records while he is physically confined, Defendants have intentionally paralyzed Plaintiff's ability to defend himself in his active immigration proceedings and his pending federal Habeas Corpus petition. Plaintiff seeks declaratory relief, injunctive relief, and damages against all Defendants in their individual capacities.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to **28 U.S.C. § 1331** (federal question jurisdiction), as this action arises under the Constitution of the United States and the laws of the United States, specifically the Fifth Amendment (Due Process Clause) and **42 U.S.C. § 1985(3)** (conspiracy to deprive individuals of civil rights or equal protection under the law).

5. This Court has personal jurisdiction over Defendants Kenneth Adebonojo and Johnny Walker because their conspiratorial, extraterritorial actions in Washington, D.C.—specifically the targeted, bad-faith withholding of Plaintiff's A-File from a D.C. Circuit Court proceeding—were directly intended to cause, and have directly caused, severe constitutional injury and a deprivation of physical liberty to the Plaintiff within this judicial district.

6. Venue is proper in the Southern District of Florida pursuant to **28 U.S.C. § 1391(b)(2)** because a substantial part of the events giving rise to the claims occurred in this district, Plaintiff is currently detained by the Defendants within this district, and the constitutional injuries resulting from the multi-agency conspiracy are actively manifesting inside this district.

## PARTIES

7. **Plaintiff RAYON PAYNE** is a 51-year-old Black male, a native and citizen of Guyana, and a Lawful Permanent Resident of the United States for over 40 years. He is currently unlawfully detained by federal authorities at the Federal Detention Center (FDC) in Miami, Florida, acting *pro se*.

8. **Defendant REBECCA ROQUE** is an attorney employed by the Department of Homeland Security (DHS) / U.S. Citizenship and Immigration Services (USCIS). She represents the government in Plaintiff's active immigration removal proceedings in Florida. She is sued in her individual capacity.

9. **Defendant RAFAEL ORDONEZ** is a Deportation Officer employed by U.S. Immigration and Customs Enforcement (ICE). He oversees and enforces Plaintiff's immigration detention at FDC Miami. He is sued in his individual capacity.

10. **Defendant MICHELE WILCOX-PETRITES** is an Assistant United States Attorney (AUSA) for the Southern District of Florida. She represents the government in Plaintiff's pending Petition for a Writ of Habeas Corpus in the Southern District of Florida. She is sued in her individual capacity.

11. **Defendant KENNETH ADEBONOJO** is an Assistant United States Attorney (AUSA) for the District of Columbia. He represents the government in Plaintiff's active FOIA appeal and related immigration file litigation before the U.S. Court of Appeals for the D.C. Circuit. He is sued in his individual capacity.

12. **Defendant JOHNNY WALKER** is an Assistant United States Attorney (AUSA) for the District of Columbia. He represents the government alongside Defendant Adebonojo in Plaintiff's active FOIA appeal before the U.S. Court of Appeals for the D.C. Circuit. He is sued in his individual capacity.

13. **Defendants JOHN DOES 1–50** are individual federal agents, officers, or attorneys whose identities are currently unknown to Plaintiff. These individuals acted in concert with the named Defendants to withhold records, alter evidence, and maintain Plaintiff's unlawful detention. They are sued in their individual capacities.

## STATEMENT OF FACTS

**A. Early Immigration Proceedings and the 2005 Order of Termination**

14. In 2002, Plaintiff was ordered deported by an Immigration Judge as a result of two felony convictions in the State of Florida under case numbers 1999-CF-7826 and 2001-CF-6009, which had resulted in a term of imprisonment.

15. In 2004, the conviction under case number 2001-CF-6009 was completely overturned and vacated by the state court.

16. On January 27, 2005, Plaintiff appeared at a state court evidentiary hearing to challenge his remaining conviction under case number 1999-CF-7826. On

4

February 3, 2005, the state court formally granted Plaintiff's post-conviction motion and vacated that remaining felony conviction. **See Exhibit #1**

17. From 2004 until July 12, 2005, Plaintiff was held in the Orange County Jail on a "NO BOND" immigration hold triggered by the 2002 deportation order. **See Exhibit #2**

18. In or around May 2005, following the vacatur of both underlying convictions, the Board of Immigration Appeals (BIA) granted a motion to reopen Plaintiff's 2002 deportation order and remanded the case back to the Immigration Judge for further proceedings.

19. Following the BIA's reopening, Plaintiff successfully moved to have his immigration bond restrictions removed. The "NO BOND" hold was lifted, and Plaintiff was released from physical custody on July 12, 2005, under home confinement. The immigration bond proceedings were officially terminated.

20. On August 12, 2005, Plaintiff re-entered a plea in state court for case number 1999-CF-7826, pleading exclusively to two minor misdemeanors (Attempted Possession of a Credit Card). **See Exhibit #3**

21. On or around August 24, 2005, because all underlying felony conviction grounds for deportation were completely gone, the Immigration Judge entered a final, official order **terminating all immigration removal proceedings** against Plaintiff.

**B. The Naturalization Applications and Fabricated Evidence**

22. In mid-2022, seeking to formalize his status after decades of lawful residence, Plaintiff filed an N-400 Application for Naturalization with USCIS.

5

23. On November 7, 2023, Plaintiff attended his naturalization interview. He answered all questions truthfully and successfully passed his citizenship examination.

24. During the interview, the USCIS interviewing officer claimed a problem existed, alleging that Plaintiff had unlawfully registered to vote in 2005. Plaintiff explicitly denied ever registering to vote or ever voting.

25. The officer instructed Plaintiff to obtain certified proof from the local election supervisor. Plaintiff promptly complied, obtaining official records from the Orange County Supervisor of Elections. These records included a copy of a voter registration card explicitly listing his citizenship as "Ghana" (proving no false claim to U.S. citizenship was made) and a certified letter confirming Plaintiff had **never voted** and had been removed from the voter rolls. Plaintiff submitted this complete packet to USCIS. **See Exhibit #4**

26. In December 2023, USCIS issued a denial of Plaintiff's N-400 application. Shockingly, the sole stated reason for the denial was that Plaintiff had been convicted of a felony in case number 1999-CF-7826 in the year 2000—deliberately ignoring the fact that this conviction had been completely overturned and vacated in 2005. **See Exhibit #5**

27. Plaintiff filed an N-336 Application to appeal the denial, submitting certified state court records proving the convictions were overturned. USCIS conducted an interview on the N-336, stating they would review the data, but failed to issue a timely merits ruling.

**C. The Washington D.C. Litigation and Suppression of the A-File**

28. In early 2025, USCIS abruptly closed Plaintiff's N-336 appeal without ruling on its merits, retained Plaintiff's filing fees, reopened the previously closed N-400 application, and refused to take further administrative action.

29. In September 2025, to break the administrative gridlock, Plaintiff filed a federal lawsuit under 8 U.S.C. § 1447(b) in the U.S. District Court for the District of Columbia. The government requested extensions of time to review Plaintiff's physical file, which the court granted. Plaintiff moved to gain access to that exact same file, but the court denied his motion.

30. Over Plaintiff's objections, the D.C. District Court granted a government motion to transfer the case to the Middle District of Florida. Plaintiff filed a Rule 60(b) Motion for Relief from Judgment to keep the case in D.C. The D.C. District Judge opened the case, denied the Rule 60(b) motion, and re-closed the case, creating a final appealable order. Plaintiff filed a direct appeal, which is currently closed before the U.S. Court of Appeals for the D.C. Circuit.

31. Concurrently, Plaintiff filed a Freedom of Information Act (FOIA) lawsuit in the D.C. District Court against DHS for flatly refusing to give him access to his immigration file. This FOIA action is also currently pending on appeal before the D.C. Circuit Court of Appeals, where Defendants Kenneth Adebonojo and Johnny Walker represent the government.

### D. The Arrest, Detention, and Inter-Agency Conspiracy

32. On March 4, 2026, while his appeals were actively pending in the D.C. Circuit, Plaintiff was abruptly arrested in Orlando, Fl and transported by ICE to South Florida and placed into new removal proceedings. He was remanded into physical custody at the FDC in Miami, Florida, where he remains detained.

33. DHS issued a Notice to Appear (NTA) containing two false, fraudulent charges as grounds for deportation **See Exhibit #6**:

- **Charge 1:** The August 12, 2005 plea. Rather than listing the actual misdemeanor convictions, the NTA knowingly and falsely listed the original, vacated Florida felony statutes.

- **Charge 2:** The August 2005 voter registration, falsely claiming Plaintiff made a fraudulent claim to U.S. citizenship, directly contradicting the certified Orange County records.

34. To construct these charges, DHS personnel extracted and weaponized confidential documents that Plaintiff had submitted in good faith during his citizenship applications, while stripping those documents of their legal context.

35. In response to his unlawful detention, Plaintiff filed a Petition for a Writ of Habeas Corpus in the U.S. District Court for the Southern District of Florida, challenging his physical confinement and severe due process violations.

36. In the Habeas proceeding, Defendant Michele Wilcox-Petrites, acting in coordination with Defendants Roque and Ordonez, submitted portions of Plaintiff's immigration file to the federal judge. However, Defendants intentionally redacted, altered, and concealed key records. Specifically, they hid the 2005 order

8

terminating his prior immigration case and falsely claimed Plaintiff was released from jail at a time when official logs prove he was still physically confined in the Orange County Jail.

37. In his active immigration proceedings, Plaintiff filed a Motion to Terminate the removal proceedings and a Request for Judicial Notice of his prior 2005 termination records. Both motions, along with his federal Habeas petition, remain pending.

38. Defendants Adebonojo and Johnny Walker in D.C., working in direct, coordinated alignment with Defendants Roque, Ordonez, and Wilcox-Petrites in Florida, have intentionally prolonged the non-disclosure of Plaintiff's A-File in the D.C. Circuit. This combined inter-agency effort ensures that while Plaintiff is locked in an FDC facility without an attorney, he is systematically denied the very unredacted files required to prove the government's fraud to the Southern District Habeas Court and the Immigration Judge.

39. Plaintiff is an immigration detainee under civil confinement, not a convicted federal prisoner serving a criminal sentence. Despite his status as a civil detainee, Plaintiff is housed at the Federal Detention Center (FDC) in Miami, a maximum-security federal prison facility, because U.S. Immigration and Customs Enforcement (ICE) rents bed space from the Federal Bureau of Prisons (BOP).

40. Defendants have subjected Plaintiff to punitive, restrictive conditions identical to those imposed on convicted federal inmates, which bears no rational relationship

to any legitimate alternative governmental purpose, thereby constituting unlawful pretrial punishment.

41. The severe, punitive nature of Plaintiff's detention has caused him profound psychological and emotional trauma, which has been severely exacerbated by the facility's systemic failure to maintain a safe environment.

42. Specifically, in or around March 2026, an individual held in civil immigration detention at FDC Miami committed suicide in cell F18, located within the 10-East housing dorm. Plaintiff was housed in the adjacent 10-West dorm at the time and experienced the severe immediate aftermath, panic, and distress running through the facility following the suicide.

43. Recently, Defendants deliberately transferred Plaintiff into the exact same 10-East dorm where the suicide occurred. Plaintiff was forced to face the exact cell, room F18, which still features the highly visible, disturbing red law enforcement tape across the door.

44. Being forced to live in immediate proximity to an unresolved, visibly marked suicide scene while enduring prolonged, unlawful civil detention has caused Plaintiff severe sleep deprivation, acute anxiety, and profound emotional distress. The psychological toll is so severe that Plaintiff has been forced to conceal the horrific nature of his confinement from his own family to protect them from secondary trauma.

# CAUSES OF ACTION

**COUNT I: Conspiracy to Deprive Plaintiff of Constitutional Rights and Access to the Courts (42 U.S.C. § 1985(3))**

*(Against All Defendants in Their Individual Capacities)*

45. Plaintiff re-alleges and incorporates by reference all factual allegations contained in the Statement of Facts as though fully set forth herein.

46. Beginning in or around 2025 and continuing through the present, Defendants Rebecca Roque, Rafael Ordonez, Michele Wilcox-Petrites, Kenneth Adebonojo, Johnny Walker, and John Does 1–50 reached a shared understanding and entered into a coordinated, multi-agency conspiracy. The explicit purpose of this conspiracy was to deprive Plaintiff Rayon Payne of his constitutional rights to Due Process under the Fifth Amendment, Equal Protection, and meaningful Access to the Courts.

47. Defendants knowingly and intentionally coordinated across distinct federal agencies and geographic jurisdictions—specifically linking a FOIA action in the D.C. Circuit Court of Appeals with active Immigration removal proceedings and a Federal Habeas Corpus petition in the Southern District of Florida—to ensure Plaintiff could not mount an effective legal defense.

48. The core of this inter-agency conspiracy relies on the deliberate, non-coincidental withholding and manipulation of Plaintiff's official immigration record (his "A-File"). Defendants Kenneth Adebonojo and Johnny Walker, acting in the D.C. proceedings, have actively barred Plaintiff from accessing his A-File while concurrently, Defendants Rebecca Roque, Rafael Ordonez, and Michele

11

Wilcox-Petrites have weaponized that exact, inaccessible file in the Southern District of Florida to advance deportability charges and justify his unlawful physical detention.

49. In furtherance of this conspiracy, Defendants committed overt acts including, but not limited to:

    a. Concealing, redacting, and misrepresenting critical historical facts in Plaintiff's immigration record submitted to the Federal Habeas Court, such as the absolute termination of his 2005 immigration proceedings and his physical confinement status at the time;

    b. Initiating removal proceedings based on a Notice to Appear (NTA) that knowingly charges Plaintiff with a felony statute under Florida law for a conviction that was officially vacated and reduced to a misdemeanor on August 12, 2005;

    c. Exploiting Plaintiff's physical detention at the Federal Detention Center (FDC) in Miami to severely restrict his ability to self-represent (*pro se*), while simultaneously denying him the foundational evidentiary files necessary to support his pending Motion to Terminate and Request for Judicial Notice.

50. The actions of the Defendants were fueled by discriminatory animus targeted at Plaintiff based on his protected status as an un-naturalized, Black male national of Guyana, with the explicit intent to treat him outside the bounds of established

constitutional protections afforded to legal permanent residents who have resided in the United States for over 40 years.

51. As a direct and proximate result of Defendants' conspiratorial agreement and overt acts, Plaintiff has suffered a severe deprivation of his liberty, extreme emotional distress, and a total disruption of his constitutional right to a full and fair hearing before both administrative and federal tribunals.

**COUNT II: Violation of the Fifth Amendment (Procedural and Substantive Due Process)**

*(Against All Defendants via Bivens / Direct Constitutional Action)*

52. Plaintiff re-alleges and incorporates by reference all factual allegations contained in the Statement of Facts as though fully set forth herein.

53. The Fifth Amendment to the United States Constitution guarantees that no person shall be deprived of life, liberty, or property without due process of law. This foundational guarantee explicitly applies to noncitizens within the United States, including those placed in immigration detention or removal proceedings.

54. Meaningful due process strictly requires a fair hearing, a neutral decision-maker, and an open, untainted opportunity to present evidence and review the evidence levied by the government.

55. Defendants, acting under color of federal authority, have systematically stripped Plaintiff of these protections by creating an unconstitutional "catch-22" environment: the government is actively using documents submitted during Plaintiff's citizenship applications as evidence to deport him, while

simultaneously acting in concert across jurisdictions to deny Plaintiff access to the broader context of those very same files.

56. By presenting altered, redacted, and fraudulent historical timelines to the federal court regarding Plaintiff's 2004–2005 detention records, Defendant Michele Wilcox-Petrites and associated John Does have intentionally misled the judiciary to prolong Plaintiff's unlawful physical confinement.

57. The collective and coordinated conduct of the Defendants shocks the conscience, constitutes a gross abuse of federal authority, and violates both procedural and substantive due process. This conduct has directly caused Plaintiff's ongoing arbitrary, lawless detention at the FDC Miami.

**COUNT III: Punitive Conditions of Civil Confinement in Violation of the Fifth Amendment**

*(Against Defendants Rafael Ordonez and John Does 1–50 in Their Individual Capacities)*

58. Plaintiff re-alleges and incorporates by reference all factual allegations contained in paragraphs 1 through 44 as though fully set forth herein.

59. As a civil immigration detainee, Plaintiff's constitutional protections regarding detention conditions are governed by the Due Process Clause of the Fifth Amendment, which strictly prohibits the government from subjecting civil detainees to conditions that amount to punishment. *See Bell v. Wolfish*, 441 U.S. 520 (1979).

60. Defendants Rafael Ordonez and unknown John Doe prison administrators have violated this constitutional command by housing Plaintiff in a punitive, criminally restrictive federal jail environment and exposing him to severe, unaddressed psychological hazards, including the immediate visual site of a recent detainee suicide cell (Room F18) marked with law enforcement tape.

61. The decision to house a civil permanent resident in a maximum-security environment next to a suicide scene serves no legitimate, non-punitive administrative purpose. It is a direct manifestation of the arbitrary, punitive treatment elements of the multi-agency conspiracy designed to break Plaintiff's psychological resolve and impair his ability to fight his legal cases.

62. Defendants acted with deliberate indifference to Plaintiff's mental health, safety, and constitutional right to be free from punitive civil confinement. As a direct result, Plaintiff has suffered and continues to suffer severe emotional distress, psychological trauma, and a continuous deprivation of his constitutional liberty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rayon Payne respectfully requests that this Court enter judgment in his favor and against all named Defendants, granting the following relief:

A. **DECLARATORY RELIEF:** Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the coordinated acts, omissions, and conspiracies of the Defendants—specifically the cross-jurisdictional withholding of Plaintiff's A-File while actively prosecuting him with fabricated felony charges—violate the Fifth Amendment to

15

the United States Constitution and constitute an actionable civil rights conspiracy under 42 U.S.C. § 1985(3).

B. **INJUNCTIVE RELIEF:** Issue a preliminary and permanent injunction ordering:

1. The Department of Homeland Security and its agents to immediately cease the active prosecution of removal proceedings against Plaintiff until a full, unredacted copy of his complete administrative A-File is delivered directly to him;

2. The Defendants to immediately withdraw any redacted or altered records submitted in Plaintiff's pending Southern District of Florida Habeas Corpus proceedings and replace them with complete, unedited historical records; and

3. Enjoining Defendants from transferring Plaintiff outside the jurisdiction of the Southern District of Florida or restricting his access to legal materials while this civil action is pending.

C. **COMPENSATORY DAMAGES:** Award Plaintiff actual and compensatory damages against each Defendant, in their individual capacities, in an amount to be determined at trial, for the loss of liberty, constitutional injuries, and emotional trauma caused by his prolonged, unlawful detention.

D. **PUNITIVE DAMAGES:** Award Plaintiff punitive damages against each Defendant, in their individual capacities, in an amount to be determined at trial, because the Defendants acted maliciously, willfully, and with reckless indifference to Plaintiff's clearly established constitutional rights.

16

E. **COSTS:** Award Plaintiff all allowable costs of this litigation, including filing fees and photocopy expenses, as permitted under the law for *pro se* litigants.

F. **OTHER RELIEF:** Award such other, further, or alternative relief as this Court deems just, proper, and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Rayon Payne hereby demands a trial by jury on all issues, claims, and counts in this action that are triable as a matter of right to a jury.

Dated: July 10, 2026

Respectfully submitted,

**Rayon Payne, Pro Se**

Federal Detention Center (FDC) Miami

Miami, Florida



**UNITED STATES POSTAL SERVICE®**

# Click-N-Ship®

usps.com
$7.86
US POSTAGE

**G**

07/14/2026
0 lb 4 oz

9400 1301 0935 5384 3009 74 0078 6000 0403 3128

U.S. POSTAGE PAID

Mailed from 11207   749353185123732

## USPS GROUND ADVANTAGE™

ANDREA BUTLER
233 WYONA ST # 2
BROOKLYN NY 11207-3513

Created 2026-07-14

RDC 01

C071

FILED BY_____ D.C.

JUL 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.

US DISTRIC COOURT MIAMI
400 N MIAMI AVE.
MIAMI FL 33128-1801

### USPS TRACKING #

9400 1301 0935 5384 3009 74

REC'D BY_____D.C.

JUL 17 2026

CLERK U.S. DIST. CT.