# Exhibit 1

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO. 1999-CF-7826
DIVISION 15

STATE OF FLORIDA,
    Plaintiff,

vs.

RAYON SHERWIN PAYNE,
    Defendant.

_____/

Docketed By:
CATALINA RESTREPO

## ORDER GRANTING MOTION FOR POSTCONVICTION RELIEF

This matter originally came before the Court for consideration of Defendant Rayon Sherwin Payne's Motion for Postconviction Relief / Newly Discovered Evidence, filed May 11, 2004, pursuant to Rule 3.850, Florida Rules of Criminal Procedure. After reviewing the Motion, file, and record, this Court, through a predecessor judge, concluded that summary denial without hearing was warranted. Defendant appealed the Court's denial to the Fifth District Court of Appeal and that decision was reversed and remanded with directions to hold an evidentiary hearing on Defendant's motion. The Court, after hearing argument of counsel, considering the testimony and evidence presented at the hearing held on January 27, 2005, and having reviewed the file and law provided to the Court in this matter, makes the following findings of fact and conclusions of law.

### Procedural History

Defendant was charged with five counts of possession of a stolen or otherwise counterfeit credit card; two counts of fraudulent use of a credit card to obtain more than $100 in value; one count of grand theft third degree of $10,000 or more; two counts of grand theft third degree; one count of petit theft; and one count of scheme to defraud.

On March 9, 2000, the Defendant pled nolo contendere to one count of possession of stolen or otherwise counterfeit credit card and the one count of scheme to defraud, and the State entered a nolle prosequi as to the remaining charges. He was sentenced to 1 day time served in the Orange County Jail followed by two consecutive terms of 5 years of probation. He did not



appeal.

In May 2001, Defendant was charged with a new offense in Case No. 01-6009. Based thereon, he was also charged with violating probation in Case No. 99-7826. Defendant was found guilty, after trial, his probation was revoked, and he was sentenced to consecutive five year terms in prison for violation of probation and concurrent term of 120.15 months incarceration followed by 10 years probation for the new offense.

Defendant filed a Motion to Withdraw Plea, pursuant to Rule 3.170, Florida Rules of Criminal Procedure, which was denied September 27, 2002. He also appealed the post-judgment order revoking probation. The Fifth District Court of Appeal per curiam affirmed the judgment and sentence; *Payne v. State*, 847 So.2d 486 (Fla. 5th DCA 2003).

On January 8, 2003, through collateral counsel, Defendant filed a Motion to Vacate and Set Aside Judgment and Sentence, alleging the plea was involuntary because neither the Court nor the prosecutor nor defense counsel advised him of the possibility of deportation. On December 9, 2003, the Court denied relief, finding that Defendant failed to establish that INS had instituted deportation proceedings and further finding that Defendant would be subject to deportation regardless of his plea in the instant case due to his conviction for sexual battery in Case No. 01-6009. The Fifth District Court of Appeal affirmed; *Payne v. State*, 869 So. 2d 633 (Fla. 5th DCA 2003).

After mandate issued from the Fifth District Court of Appeal, an INS judge entered an order of deportation. Then, the Court entered an order in Case No. 01-6009, setting aside Defendant's conviction and granting him a new trial. Based on these changed circumstances, Defendant filed a second Rule 3.850 motion asserting newly discovered evidence. In his new motion, Defendant alleged that the INS deportation order and the order vacating his conviction in Case No. 01-6009 now demonstrated prejudice because he will be deported based on his conviction in Case No. 99-7826, unless he is permitted to withdraw his plea.

On June 18, 2004, the Court denied the motion without prejudice concluding that the motion was not ripe because Defendant would be subsequently retried in Case No. 01-6009, and, if convicted, this conviction could serve as an independent basis for deportation. Defendant appealed that decision to the Fifth District.

On November 19, 2004, the Fifth District reversed the Court and remanded finding that Defendant's motion was facially sufficient in that Defendant established that he did not know the plea might result in deportation, he is threatened with deportation because of the plea, and had he known of the possible consequence, he would not have entered the plea. Furthermore, the Fifth District concluded that Defendant asserted newly discovered evidence based on the fact the his subsequent conviction in Case No. 01-6009 was vacated. Consequently, the Fifth District found that Defendant was entitled to an evidentiary hearing on his motion because the present record did not conclusively show a lack of prejudice. On January 27, 2005, this Court conducted an evidentiary hearing.

### Analysis

After receiving the testimony of Defendant's trial attorney and reviewing the transcripts of the plea hearing and colloquy, this Court finds that the Defendant was never advised by his attorney of possible deportation consequences. This Court further finds that the trial judge, contrary to the requirements of Rule 3.172(c)(8), Florida Rules of Criminal Procedure, failed to inform the Defendant, that if the Defendant was not a United State citizen his nolo contendere plea could subject him to deportation.

In *Peart v. State*, 756 So. 2d 42 (Fla. 2000), the Florida Supreme Court addressed the issue of post conviction relief for an alleged violation of Florida Rule of Criminal Procedure 3.172(c)(8) when there is a failure to inform defendants of the possibility of deportation as a consequence of entering pleas of guilty of nolo contendere. First, the Florida Supreme Court held that a defendant has a two year limitation period commencing from the time that the defendant's knowledge of the threat of deportation based on a plea becomes apparent to him or her. The Court further noted that while previously a non-custodial defendant was required to file a Writ of Corum Nobis as the proper pleading, since approximately 1999 both custodial and non-custodial defendants must raise the claim under Florida Rule of Criminal Procedure 3.850. Lastly, in *Peart*, the Court held that the defendant does not need to prove a likely acquittal at trial in order to obtain relief. The defendant is only required to prove that he or she was prejudiced by the lack of inquiry.

Following *Peart*, in *State v. Seraphin*, 818 So. 2d 485 (Fla. 2002), the Supreme Court

Page 3 of 7

held that in seeking postconviction relief, a defendant threatened with deportation must demonstrate that he or she was prejudiced in the process of entering the plea because the trial court failed to provide the information required by Rule 3.172(c)(8), Florida Rules of Criminal Procedure. However, *Seraphin* noted that there is not a *per se* rule permitting a defendant threatened with deportation to withdraw his or her plea anytime a trial court fails to provide that information. Prejudice must be affirmatively demonstrated to require the granting of the motion. Turning to the instant case, the inquiry becomes whether Defendant was prejudiced by the lack of information. The prejudice element focuses on whether the failure to inform Defendant of the possible deportation consequences affected the outcome of the plea process.

In determining whether a reasonable probability exists that a defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial. *Grosvenor v. State*, 874 So.2d 1176, 1181-82 (Fla. 2004). These predictions should be made objectively, without regard for the idiosyncrasies of the particular decisionmaker. *Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985).

It is not necessary for the defendant to show that he actually would have prevailed at trial, although the strength of the government's case against the defendant should be considered in evaluating whether the defendant really would have gone to trial if he had received adequate advice from counsel. *Miller v. Champion*, 262 F. 3d 1066, 1069 (10th Cir. 2001). The same analysis is applicable in analyzing whether Defendant really would have gone to trial if he had been properly advised of possible deportation consequences as required by Rule 3.172(c)(8), Florida Rules of Criminal Procedure.

At the evidentiary hearing in this matter, Defendant presented testimony under oath. He noted that at the time he entered his plea in 2000, he was aware that he was not a citizen of the United States. However, he testified that he was not aware of any consequences to entering the plea, the full written and signed plea form notwithstanding, since he did not read the plea form,

and his attorney did not go over or explain any of the provisions contained in the plea form.[1] Lastly, he stated that he would not have gone through with the plea if he had known of the possible deportation consequences or if he had been told of the consequences by his attorney or by the Court. *See Pikwrah v. State*, 829 So.2d 402 (Fla. 2d DCA 2000)[2]. The transcript from the plea hearing and colloquy demonstrates that the Court did not make inquiry regarding the possible consequences of deportation. There is also no record evidence that his trial attorney provided Defendant this information other than what is contained on the written plea form. Furthermore, Defendant's trial attorney testified at the evidentiary hearing that he too failed to discuss with the Defendant of any possible deportation consequences.

Defendant has set forth clear and unequivocal evidence that the plea colloquy conducted by the trial judge did not contain an admonition regarding the potential threat on the immigration status of Defendant and its possible effect by the entrance of the plea. Defendant has also presented evidence, in the form of his testimony, that he would not have entered the plea had he been advised of the consequences by the trial judge for fear of the potential effect it might have on his immigration status. Lastly, on January 12, 2004, Defendant was ordered deported by an INS judge,[3] as a result of, at least in part, the plea entered in this matter.

Keeping in mind the fundamental interest in the finality of guilty pleas, this Court cannot find that Defendant was not prejudiced by the failure to inform him of possible deportation consequences as required by Rule 3.172(c)(8), Florida Rules of Criminal Procedure. Due to this omission, Defendant never had the ability to make a fully informed decision between a possible prison sentence of over 50 years or possible deportation to his home country of Guyana while his immediate family resides in the United States. The plea entered in this matter does show prejudice to Defendant at both the present time, and, through his testimony, at the time Defendant entered the plea. While an order setting aside the plea and sentence in this matter is grossly unfair to the State, especially in light of the time frame that has transpired since the

---

[1] "The fact that the preprinted plea form advised [the defendant] of the possibility of deportation is insufficient to satisfy rule 3.172(c) (8)". Benelhocine v. State 787 So.2d 38 (Fla. 2001)

[2] In order to establish prejudice pursuant to a violation of the rule . . . defendants need to establish that they did not know that the plea might result in deportation, that they were threatened with deportation because of the plea, and that had they known of the possible consequence they would not have entered the plea.

entrance of the plea, the dictates of the Florida Supreme Court suggest the need for this Court to enter an order setting aside the plea and sentence herein.

Based on the foregoing, it is **ORDERED**:

1. Defendant Rayon Sherwin Payne's Motion for Postconviction Relief is **GRANTED**.

2. The conviction and sentence in the above-styled case are hereby **VACATED**, and the matter will be re-set on the trial docket.

3. The Clerk of Court shall promptly serve a copy of this Order upon Defendant including an appropriate certificate of service.

**DONE AND ORDERED** in chambers at Orlando, Orange County, Florida, this _3rd_

day of February 2005.

JOHN MARSHALL KEST
Circuit Court Judge

### Certificate of Service

I certify that a copy of the foregoing Order has been provided this _3_ day of February 2005, to **Terrance E. Kehoe, Esquire**, Law Offices of Terrence E. Kehoe, Tinker Building, 18 West Pine Street, Orlando, Florida 32801; and to **Dick Jucknath, Appellate Advocacy Unit**, Office of the State Attorney, 415 North Orange Avenue, Orlando, Florida 32801.

Judicial Assistant

State of Florida, County of Orange
I hereby certify that the foregoing is a true and correct copy of the instrument filed in this office. Confidential or sealed items, if any, have been removed per Fla. R. Jud. Admin 2.420.
Witness my hand and official seal this ___ day of ___ MAY 0 1 2026
Tiffany Moore Russell, Clerk of the Circuit Court
By: _____ Deputy Clerk

---

[3] The determination of the INS judge can only be overcome by a change in Defendant's conviction status.

# Exhibit 2



**Orange County Corrections Department**
**Inmate Records Management**
P.O. Box 4970 ◆ Orlando, FL 32802-4970 ◆ 407-836-3400



## LETTER OF INCARCERATION

Name: Poyne, Rayon S

Race: Black          Sex: Male          DOB: 11/07/1974

Inmate No.: 04020049

Our records indicate that the above individual:

☑ Was in our custody from: 05/13/2004          to: 07/12/2005

Case number(s):
2001CF 00060090 ; 1999CF 00078260

Release Reason: Turned Over To Home Confinement

☐ Is presently in our custody as of _____

Case number(s): _____

Transported to Orange County Jail:          ☐ Yes          ☐ No

Transported Fee paid:          ☐ Yes          ☐ No

OCSO Warrants Signature: _____

**(To be completed by Bondsman)**

Bond Agency: _____          Power No.: _____

Please advise if additional information is needed.

Sincerely,

_R Daus_
*Inmate Records Management Staff*

Orange County Corrections Department
Inmate Records Management
Letter of Incarceration
Revision Date: 02.13.15



**COMMUNITY CORRECTIONS DIVISION**
**PRETRIAL SERVICES UNIT**
3723 Vision Boulevard
P. O. Box 4970
Orlando, Florida 32802

Date:          July 7, 2005

To:            The Honorable

From:          Penny Jo Chessman, Senior Community Corrections Officer

Re:            Home Confinement Feedback on Bond Conditions

Offender's Name:   **Rayon S. Payne**

Case Number: **2001-CF-6009-O**       Jail # **04-20049**

☒     Home Confinement
☐     Home Confinement & Juris Monitor

Date Court Order Received: **March 4, 2005**

Date Interviewed: **March 4, 2005**

Date of Bond: **July 1, 2005**

**REASON OFFENDER HAS NOT BEEN RELEASED:**

☐   No phone

☐   No residence

☒   Outstanding warrant/hold

☒   Other explanation: **The defendant has not been released to Home Confinement because he has a no bond hold for Immigration.**

cc:  Clerk of the Court
     Inmate Records Supervisor
     Susan Burdette, PTR Supervisor
     File



# Exhibit 3

IN THE CIRCUIT COURT, IN AND FOR
ORANGE COUNTY, FLORIDA

STATE OF FLORIDA

v.

RAYON SHERWIN PAYNE

CASE NO(s) __99-CF-7826-0__ DIV. __15__

CREDIT FOR TIME SERVED: __11 Months__

## PLEA(S)

1. I, __RAYON SHERWIN PAYNE__, defendant, withdraw my plea(s) of not guilty and enter plea(s) of:

( ) Guilty   (X) Nolo Contendere to __COUNT ONE L/O - ATTEMPT TO POSSESS STOLEN CREDIT CARD__ F.S. __777.04(1),(4)(e)__

( ) Guilty   (X) Nolo Contendere to __COUNT FIVE L/O - ATTEMPT TO POSSESS STOLEN CREDIT CARD__ __817.60(6)(a)__

( ) Guilty   ( ) Nolo Contendere to _____

2. I understand that if the Court accepts the plea(s), I give up my right to a trial, and to the following rights: (1) to have a jury determine whether I am guilty or not guilty, or a hearing before a judge if charged with violation of probation; (2) to see and hear the witnesses testify, and to have my lawyer question them for me; (3) to subpoena and present witnesses and items of evidence in my defense, and to present any defense I might have to the jury; (4) to testify or to remain silent; and (5) to require the prosecutor to prove my guilt by admissible evidence beyond a reasonable doubt or to the satisfaction of the Court's conscience if charged with violation of probation, before I can be found guilty. I further understand that **I give up my right to appeal all matters except the legality of my sentence or this Court's authority to hear this case.** My lawyer has explained what an appeal is.

3. I understand that a plea of not guilty denies that I committed the crime(s), a plea of guilty admits that I committed the crime(s), and a plea of nolo contendere says that I do not contest the evidence against me. I understand that if the Court accepts my plea(s) there will be no trial and the Court will impose sentence(s) based upon my plea(s).

4. I have read the information/~~indictment/warrant~~ in this case and I understand the charge(s) to which I enter my plea(s). My lawyer has explained to me the maximum penalty for the charge(s), the essential elements of the crime(s), and possible defense to the crime(s). I understand these things, I also understand the if I am on parole, my parole can be revoked and I can be returned to prison to complete the sentence; if I am on probation, my probation can be revoked and I can receive a separate sentence up to the maximum on the probation charge in addition to the sentence imposed in the present case(s). I understand that if I am not a citizen of the United States, I may be deported.

5. No one has promised me anything to get me to enter the plea(s) except as stated herein. **The prosecutor has recommended the following:** _plea to lessers, nol pros all other counts. Sentence: Count One, 11 months time served; Count Five, 1year if supervised probation, restitution to BF Specialties and *_ **The Judge has promised:** _nothing_

I understand the maximum penalties for the charge(s) to be _1 year in Orange County Jail_ plus maximum fine(s) of _1000.00_ plus costs and restitution, if applicable.

6. I understand that, in addition to the terms in Paragraph 5, I might also be placed on probation and be required to pay the cost of supervision.

7. No one has pressured of forced me to enter the plea(s). I am entering the plea(s) because:
( ) I believe I am guilty   (X) I believe it is in my own interest. I enter the plea(s) voluntarily of my own free will.

8. I understand that if I am sentenced to prison and I have any history of sexual offenses, then the State could at a later date attempt to civilly commit me to a treatment facility for an indefinite period of time.

* _to Broadcast Supply World, court costs, adjudication on both counts; Probation can terminate early if all restitution is paid._

27-39 (7/02)

Page 1

9. I give up the right to have the prosecutor recite to the Court the facts showing my guilt before acceptance of the plea(s).

10. I understand my sentence will be imposed under the Criminal Punishment Code. A Criminal Punishment Code Scoresheet will be prepared and is based in part upon my prior record. I understand that I will not be permitted to withdraw my plea(s) if the correct Criminal Punishment Code Scoresheet is other than what is presumed at this time. I understand that the Criminal Punishment Code Scoresheet only suggests a minimum sentence and the Court can exceed the Scoresheet sentence and impose up to the maximum term of incarceration and maximum fine for each offense.

11. I understand that if I have two or more prior felonies I may receive a sentence of double the time in Paragraph 5, of a life sentence if the maximum is 30 years, in addition to the fine(s).

12. I understand and agree that if the Court permits me to remain at liberty pending sentence I must notify my lawyer and bondsman or Pre-Trial Release office of any change of my address or telephone number, and if the Court orders a Pre-Sentence Investigation (PSI) and I willfully fail to appear for an appointment with the probation officer for the PSI interview, the Court can revoke my release and place me in jail until the PSI interview has been completed or until my sentencing.

13. I am not under the influence of any drug, medication, or alcohol and I am not suffering from any physical or mental problems at this time which affect my understanding of this plea(s). My education consists of the following: _2 years of college_

14. I have read every word in this plea, have discussed it with my lawyer, and fully understand it. I am fully satisfied with the way my lawyer has handled this case for me. He/she has done everything I have asked him/her to do.

**SWORN TO, SIGNED AND FILED IN OPEN COURT** in the presence of Defense Counsel and Judge this _12th_ day of _AUGUST_, 20_05_.

LYDIA GARDNER, Clerk of the

Circuit Court and County Court

By: _____
Deputy Clerk in Attendance

State of Florida, County of Orange
I hereby certify that the foregoing is a true and correct copy of the instrument filed in this office.
Confidential or sealed items, if any, have been removed per Fla.R.Jud.Admin. 2.420.
Witness my hand and official seal this ____ day of **MAY 0 4 2020**.
Tiffany Moore Russell, Clerk of the Circuit Court
By: _____ Deputy Clerk

X _____
Defendant's Signature

Address _1712 GOLDEN POPPY CT._
_ORLANDO, FL 32824_

Telephone _407-812-9452_

Social Sec. No. ████████

**CERTIFICATE OF DEFENDANT'S ATTORNEY AND PROSECUTOR**

I, Defendant's Counsel of Record, certify that: I have discussed this case with defendant, including the nature of the charges, essential elements of each, the evidence against him/her of which i am aware, the possible defense he/she has, the maximum penalty of the charge(s) and the right to appeal. No promises have been made other than as set forth in this plea or on the record. I believe the defendant fully understands this written plea., the consequences of entering it, and the plea is entered of the defendant's own free will.

I, the Prosecutor, consent to the plea(s) to lesser charges, if applicable, and confirm the representations in Paragraph 5.

_____
Defendant's Attorney
_TERRENCE E. KEHOE_
_FBN #0330868_

_____
Assistant State Attorney
_MARTHA C. ADAMS_

Page 2

# Exhibit 4

| Type   NEW | | | Official Use Only |

| Are you a U.S. citizen? | YES |

☒ I affirm I am not a convicted felon, or if I am, my rights relating to voting have been restored.

☒ I affirm I have not been adjudicated mentally incapacitated with respect to voting or, if I have, my competency has been restored.

| Date of Birth | 11/07/1974 | | |

| Last Name/Suffix/hyphen | First Name | Middle Name/Initial |
| PAYNE | RAYON | SHERWIN |

| FL Driver License/FL ID Number | P500-737-74-407-0 | Social Security Num | 7058 |

| | Address | City | County | State | Zip Code |
|---|---|---|---|---|---|
| Address Where You Live (Legal Residence) | 1712 GOLDEN POPPY COURT | ORLANDO | ORANGE | FL | 32824 |
| Mailing Address if different from above | 1712 GOLDEN POPPY COURT | ORLANDO | ORANGE | FL | 32824 |
| Address where last registered to vote | | | | | |

| Address of homestead exemption property | | |

| Former name if making a name change | | Day Phone Number | (407)812-9452 |

| Party Affiliation | Democratic Party |

| Race/Ethnicity | 3  BLACK, NOT OF HISPANIC ORIGIN |

| Sex   M | Do you need voting assistance at the polls? | NO | Are you interested in being a poll worker? | YES | State or County of Birth | Ghana |

| Are you | Active Duty Military/Merchant | NO | Dependent of an Active Duty Military/Merchant | NO | US Citizen Currently Residing Outside the U S ? | NO |

Oath. I do solemnly swear (or affirm) that I will protect and defend the Constitution of the United States and the Constitution of the State of Florida. I am qualified to register as an elector under the Constitution and laws of the State of Florida. I am a U.S. citizen. I am a legal resident of Florida. All information on this form is true. I understand that if it is not true, I can be convicted of a felony of the third degree and fined up to $5,000 and/or imprisoned for up to five years.

SIGNATURE  Sign or mark on line below (invalid without signature or mark)

Date  09-aug-06 11 10 58 376192

# Exhibit 5

December 4, 2023

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
6680 Corporate Centre Blvd.
Orlando, FL 32822



**U.S. Citizenship
and Immigration
Services**

RAYON SHERWIN PAYNE
c/o RAYON PAYNE
4837 NORMANDY PL
ORLANDO, FL 32811-7214



IOE9250929288

A041-189-506

RE: N-400, Application for Naturalization

## <u>DECISION</u>

Dear RAYON PAYNE:

On April 16, 2023, you filed a Form N-400, Application for Naturalization, with U.S. Citizenship and Immigration Services (USCIS) under section 316 of the Immigration and Nationality Act (INA).

After a thorough review of the information provided in your application for naturalization, the documents supporting your application, and your testimony during your naturalization interview, USCIS has determined that you are not eligible for naturalization. Accordingly, USCIS must deny your application for naturalization.

Generally, to qualify for naturalization, under INA 316, an applicant must:

- Be 18 years of age or older at the time of filing Form N-400;
- Be lawfully admitted for permanent residence;
- Be a lawful permanent resident for at least 5 years at the time of filing Form N-400;
- Demonstrate good moral character for at least 5 years prior to the Form N-400 filing date, and during the period leading to administration of the Oath of Allegiance;
- Have resided continuously in the United States for at least 5 years as a lawful permanent resident before filing Form N-400;
- Have resided for at least 3 months in the State or USCIS District where residency is claimed before filing Form N-400;
- Have resided continuously in the United States from the date of filing Form N-400 up to the time of administration of the Oath of Allegiance;
- Be physically present in the United States for at least 2½ years at the time of filing Form N-400;
- Demonstrate a basic knowledge of U.S. history and government;
- Demonstrate the ability to read, write, and speak words in ordinary usage in the English language; and
- Establish an attachment to the principles of the U.S. Constitution and be disposed to the good order and happiness of the United States.

## Statement of Facts and Analysis Including Ground(s) for Denial

On August 27, 1986, you obtained permanent resident status in immigrant classification P22. USCIS received your Form N-400 on April 16, 2023, and on November 7, 2023, you appeared for an interview to determine your eligibility for naturalization.

During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form N-400, along with any amendments made during the naturalization interview, and the documents submitted by you were true and correct. The record reflects that on June 4, 1999, you were arrested and charged with Possession of Stolen or Counterfeit Credit Card, Florida Statutes 817.60(2) and Scheme to Defraud, in violation of Florida Statutes 817.034(4)(A)(3)-2, Florida, Orange County. On March 9, 2000, you were convicted of Possession of Stolen or Otherwise Counterfeit Credit Card, and Scheme to Defraud in violation of Florida Statutes 817.60(6)(A) and 817.034(4)(A)(3) and sentence to $10,659.42 restitution and 5 years incarceration, Florida, In The Circuit Court of The Ninth Judicial Circuit in and for Orange County Florida, Case Number CR-0-99-7826/A.

Possession of Stolen or Otherwise Counterfeit Credit card, and Scheme to Defraud is an aggravated felony. See INA 101(a)(43)(D). To be eligible for naturalization, you must demonstrate that you are a person of good moral character. Because you have been convicted of an aggravated felony on or after November 29, 1990, you are permanently barred from establishing good moral character. Therefore, you are ineligible for naturalization. See INA 316(a)(3), INA 101(f)(8), and Title 8, Code of Federal Regulations (8 CFR), section 316.10(b)(1)(ii).

If you believe that you can overcome the grounds for this denial, you may submit a request for a hearing on Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, within 30 calendar days of service of this decision (33 days if this decision was mailed). See attached 8 CFR 336.2 (a) and 103.8(b). Without a properly filed Form N-336, this decision will become final. See INA 336.

For questions about your application, you can use our many online tools (www.uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting www.uscis.gov/contactcenter.

Sincerely,

*Michael J McCleary*

Michael J McCleary
Field Office Director
Officer: OR1136



# Exhibit 6

Uploaded on 03/28/2026 at 06:18:06 PM (Eastern Daylight Time), Base City: KRO

Immigration and Naturalization Service

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: **A041 189 506**
Case No: **ORL0307000266**

In the Matter of:

Respondent: **Rayon Sherwin PAYNE AKA: PAYNE, RAYON SULRWIN; PAYNE, JUNIOR** _____ currently residing at:

**DOC# 538941   C/O GULF C.I. 500 IKE STEELE RD.**
**WEWAHITCHKA FLORIDA 32465**                                              **(850)639-1207**

(Number, street, city state and ZIP code)                                (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

**See Continuation Page Made a Part Hereof**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

**See Continuation Page Made a Part Hereof**

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
**TO BE SET**

(Complete Address of Immigration Court, Including Room Number, if any)

on **a date to be set** at **a time to be set** to show why you should not be removed from the United States based on the
       (Date)                  (Time)

charge(s) set forth above.

RICHARD T. MC GAHEY
OFFICER IN CHARGE
_____
(Signature and Title of Issuing Officer)

Date: **July 30, 2003** _____

**Orlando, FL** _____
                              (City and State)

See reverse for important information

Form I-862 (Rev. 3/22/99)N

Uploaded on 1:26-cv-24871-DSL Document 1-2 Entered on FLSD Docket 07/17/2026 Page 21 of 23

| Alien's Name | File Number | Date |
|---|---|---|
| Rayon Sherwin PAYNE | Case No: ORL0307000266<br>A041 189 506 | July 30, 2003 |

**The Service alleges that you:**

1) You are not a citizen or national of the United States.

2) You are a native of Guyana and a citizen of Guyana.

3) You were admitted to the United States at New York, NY on or about August 27, 1986 as an immigrant.

4) You were, on March 9, 2000, convicted in the Circuit Court in and for Orange County, FL for the offenses of Possession of Stolen or Otherwise Counterfeit Credit Card, and Scheme to Defraud, in violation of Florida statutes 817.60(6)(A), and 817.034(4)(A)(3), for which the sentence imposed was $10,659.42 restitution and 5 years incarceration (case# CR-O-99-7826/A).

5) You were, on August 27, 2002, convicted in the Circuit Court in and for Orange County, FL for the offense of Sexual Battery (Physically Helpless), in violation of Florida statute 794.011(4)(A), for which the sentence imposed was 120.15 months incarceration (case# 48-01-CF-6009-O/A).

**On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:**

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(M) of the Act, a law relating to an offense that (i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; or (ii) is described in The Internal Revenue Code of 1986, Section 7201 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(F) of the Act, a crime of violence (as defined in section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment ordered is at least one year.

Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, in

| Signature | Title |
|---|---|
| RICHARD T. MC GAHEY | OFFICER IN CHARGE |

Form I-831 Continuation Page (Rev. 6/12/92)

| Alien's Name | File Number | Date |
|---|---|---|
| Rayon Sherwin PAYNE | Case No: ORL0307000266<br>A041 189 506 | July 30, 2003 |

that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

| Signature | Title |
|---|---|
| RICHARD T. MC GAHEY | OFFICER IN CHARGE |

_____4_____ of __4__ Pages

Form I-831 Continuation Page (Rev. 6/12/92)

Case 1:26-cv-24871-DSL   Document 1-2   Entered on FLSD Docket 07/17/2026   Page 23 of 23

| Alien's Name | File Number | Date |
|---|---|---|
| Rayon Sherwin PAYNE | Case No: ORL0307000266<br>A041 189 506 | July 30, 2003 |

that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

| Signature | Title |
|---|---|
| RICHARD T. MC GAHEY | OFFICER IN CHARGE |

4 of 4 Pages

Form I-831 Continuation Page (Rev. 6/12/92)