## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**RAYON PAYNE,**
*Plaintiff,*

V.

**REBECCA ROQUE, et al.,**
*Defendants.*
**Case No.:** _____

FILED BY __MCO__ D.C.

JUL 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY INJUNCTION

Plaintiff Rayon Payne, acting *pro se*, respectfully moves this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for a Temporary Injunction against the Defendants.

Plaintiff requests that this Court immediately enjoin the Defendants from proceeding with his administrative removal hearings, and enjoin them from transferring him outside the jurisdiction of this Court, until the Defendants produce a complete, unredacted copy of Plaintiff's official immigration record (his "A-File") which is being intentionally suppressed through an inter-agency conspiracy. In support of this motion, Plaintiff states as follows:

1

## INTRODUCTION & BACKGROUND

1. Plaintiff is a 51-year-old Lawful Permanent Resident who has resided in the United States for over 40 years. He is currently detained by Immigration and Customs Enforcement (ICE) at the Federal Detention Center (FDC) in Miami, Florida.

2. On March 4, 2026, ICE arrested Plaintiff and served him with a Notice to Appear (NTA) charging him with deportability. The NTA relies on a falsified criminal history, reviving a 2000 felony conviction that was officially vacated and reduced to a misdemeanor by a state court in 2005.

3. Simultaneously, Defendants Kenneth Adebonojo and Johnny Walker are actively blocking Plaintiff's access to his official A-File in a pending Freedom of Information Act (FOIA) appeal before the D.C. Circuit Court of Appeals.

4. Meanwhile, in Florida, Defendants Rebecca Roque, Rafael Ordonez, and Michele Wilcox-Petrites are weaponizing that exact same, inaccessible file against Plaintiff. They have submitted altered, redacted records to the federal Habeas court and the Immigration Judge, concealing the 2005 order that previously terminated Plaintiff's removal proceedings.

5. Plaintiff is trapped in an unconstitutional "catch-22": he is being forced to defend himself against deportation while the government deliberately hides the very documents required to prove his innocence and establish the government's fraud.

# LEGAL STANDARD

To obtain a temporary or preliminary injunction in the Eleventh Circuit, the moving party must establish four elements:

1. A substantial likelihood of success on the merits;

2. That irreparable injury will be suffered if the injunction is denied;

3. That the threatened injury outweighs the harm the injunction would cause the opposing party; and

4. That the injunction would not be adverse to the public interest. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

# ARGUMENT

## 1. Plaintiff Has a Substantial Likelihood of Success on the Merits

Plaintiff has a high likelihood of prevailing on his claim under 42 U.S.C. § 1985(3) and the Fifth Amendment. The record demonstrates a clear "meeting of the minds" across multiple federal agencies. D.C.-based federal attorneys are suppressing Plaintiff's records, while Florida-based federal agents and attorneys are rushing to deport him before those records can be unsealed.

Furthermore, the Fifth Amendment guarantees a full and fair hearing in removal proceedings. Forcing a *pro se*, detained noncitizen to fight a removal charge while the government actively hides his official court termination records is a textbook violation of Procedural Due Process. The government cannot use an individual's citizenship

3

documents as a sword while using inter-agency bureaucracy as a shield to hide exculpatory evidence.

## 2. Plaintiff Will Suffer Immediate, Irreparable Injury Absent an Injunction

If this Court does not intervene, Plaintiff will suffer two forms of irreversible, irreparable harm:

- **Deprivation of Constitutional Liberty:** A violation of constitutional rights, particularly the right to due process and access to the courts, constitutes irreparable harm per se.
- **Unlawful Deportation and Jurisdictional Transfer:** If the administrative removal proceedings are allowed to continue while Plaintiff is blindfolded without his records, the Immigration Judge may issue a removal order based on the government's altered timeline. Furthermore, ICE routinely transfers detainees across state lines to disrupt active litigation. If Plaintiff is deported or transferred out of the Southern District of Florida, this Court's ability to grant effective relief will be permanently broken.

## 3. The Balance of Equities Favors the Plaintiff

The balance of hardships weighs heavily in Plaintiff's favor. If the injunction is granted, the government suffers absolutely no harm; it is merely required to temporarily pause an administrative hearing until it complies with basic evidentiary fairness. If the injunction is denied, Plaintiff faces the catastrophic loss of his physical liberty, permanent

separation from his family of 40 years, and the total destruction of his right to a fair day in court.

### 4. An Injunction Is Firmly in the Public Interest

The public has a vital interest in ensuring that federal agencies and federal prosecutors adhere strictly to the United States Constitution and the laws of the United States. There is zero public interest in allowing federal officials to collaborate across jurisdictions to conceal evidence, manipulate state court timelines, and rush an individual through a rigged deportation process. Protecting the integrity of the judicial process always serves the public interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rayon Payne respectfully requests that this Court GRANT this Motion and enter a Temporary Injunction ordering the following:

A. Enjoining the Department of Homeland Security, ICE, and Defendant Rebecca Roque from proceeding with any administrative removal or deportation hearings against Plaintiff until this civil rights action is resolved on its merits;

B. Enjoining Defendant Rafael Ordonez and ICE from transferring Plaintiff out of the physical jurisdiction of the United States District Court for the Southern District of Florida while this action is pending;

C. Ordering the Defendants to immediately produce a complete, unredacted copy of Plaintiff's administrative A-File to the Plaintiff for his review; and

D. Granting such other and further relief as this Court deems just and proper.

Dated: July 13, 2026

Respectfully submitted,

**Rayon Payne, Pro Se**

Reg. No. _____

Federal Detention Center (FDC) Miami

33 NE 4th St, Miami, FL 33132

6



**UNITED STATES POSTAL SERVICE®**  **Click-N-Ship®**

usps.com
$7.86
US POSTAGE

**G**

9400 1301 0935 5384 3009 74 0078 6000 0403 3128

U.S. POSTAGE PAID
Click-N-Ship®

07/14/2026
0 lb 4 oz                Mailed from 11207   749353185123732

## USPS GROUND ADVANTAGE™

ANDREA BUTLER
233 WYONA ST # 2
BROOKLYN NY 11207-3513

Created 2026-07-14

RDC 01

C071

FILED BY_____ D.C.

JUL 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.

US DISTRIC COOURTAMI
400 N MIAMI AVE.
MIAMI FL 33128-1801

### USPS TRACKING #

9400 1301 0935 5384 3009 74

CLERK U.S. DIST. CT.

JUL 17 2026

REC'D BY
D.C.