**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-24871-LEIBOWITZ**

**RAYON PAYNE**,

      *Plaintiff,*

*v.*

**REBECCA ROQUE,** *et al.,*

      *Defendants.*

_____/

## <u>ORDER</u>

**THIS CAUSE** is before this Court upon *pro se* Plaintiff Rayon Payne's ("Plaintiff") Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Motion"), [ECF No. 8], and his Motion in Support of Fee Waiver, [ECF No. 9].  Plaintiff seeks to proceed in this action *in forma pauperis* ("IFP") without prepaying costs or fees.  For the reasons explained, the IFP Motion is DENIED, and the Complaint for Violation of Civil Rights is DISMISSED WITHOUT PREJUDICE.

"The federal *in forma pauperis* statute, codified at 28 U. S. C. § 1915, allows an indigent litigant to commence a civil . . . action in federal court without paying the administrative costs of proceeding with the lawsuit." *Denton v. Hernandez,* 504 U.S. 25, 27 (1992). A person seeking to proceed *in forma pauperis* must submit an affidavit that includes "a statement of all assets such [person] possesses," demonstrating that "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  When a party has submitted an affidavit to proceed *in forma pauperis*, the statute specifically provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).  "Section 1915(e)(2)(A) serves the purpose of preventing

abuse of the judicial system by 'weed[ing] out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth.'" *Vann v. Comm'r of the N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)). Under the plain language of the statute, dismissal is mandatory when the allegation of poverty is false. *See Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed, the judge had no choice"); *Oquendo v. Geren*, 594 F. Supp. 2d 9, 11 (D.D.C. 2009) ("Because the statute uses the command 'shall,' dismissal is mandatory in the face of untrue allegations of poverty").

In the affidavit, which is on the District Court-created form, Plaintiff asserts that he has $0 in income "during the past 12 months." [*See* ECF No. 8 at 1]. He also avers that he has no employment history "for the past two years," no cash, no money in any financial institution, and no assets of any kind. [*See id.* at 2–3]. He claims that he is owed no debts, has two sons who rely on him or his spouse for support, and has no expenses—not for housing, utilities, not even for food, clothing, or medical expenses. [*See id.* at 3–4]. Plaintiff signed the affidavit under penalty of perjury "that the information below is true and understand that a false statement may result in a dismissal of my claims." [*Id.* at 1].

Plaintiff's Motion in Support of Fee Waiver proves Plaintiff's assertions regarding income and total assets are false. [*See* ECF No. 9]. In the motion, Plaintiff asserts that over the past 6 months, he has received roughly $800 from friends and family and currently has about $90 in his inmate account at the Krome Detention Center. [*Id.* at 1]. Furthermore, it is neither believable nor realistic that Plaintiff exists on no money at all. *See, e.g.*, *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013) (recognizing that it "undeniably costs money to live"); *Hubbert v. Cap. Bank, N.A.*, 2023 WL 2529189, at *1 (S.D. Fla. Feb. 28, 2023) (same). Although Plaintiff has been in immigration custody since March 4, 2026, during which time he might have had no expenses and made no income, his affidavit covers a much longer period. Because he signed his affidavit on July 23, 2026, [ECF No.

8 at 1], he has sworn that he had no income—of any kind, from any source—since at least July 23, 2025, and no employment since at least July 23, 2024, [*see id.* 1–2].

It may be true that Plaintiff has had no employment in that span.  But it cannot be true that Plaintiff had no living expenses at all before he was detained.  *See Hubbert*, 2023 WL 2529189, at *1 ("Plaintiff does not list any living expenses.  It is unclear what are Plaintiff's necessities and how Plaintiff provides for those necessities.  As such, the Plaintiff has not demonstrated that she is unable to pay the filing fee.").  Similarly, "it is simply hard to believe that" Plaintiff "subsist[ed] on zero income, zero savings," and no assets before being detained.  *See Kareem*, 986 F. Supp. 2d at 1346.  Particularly because the affidavit form specifically asks whether applicants received any public assistance; retirement, disability, or unemployment payouts; gifts; or money from anywhere else, all of which it considers income.  [ECF No. 8 at 1–2].

In short, Plaintiff's failure to identify his assets, income, and expenses in the IFP Motion constitute false assertions warranting the denial of his IFP Motion, *see Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]roceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court."), as well as the dismissal of his claims pursuant to 28 U.S.C. § 1915(e)(2)(A) ("[T]he court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue.").

The Court notes that dismissal of Plaintiff's claims is *without prejudice.  See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (1998) (stating that in the absence of any limitation as to dismissal with prejudice under the *in forma pauperis* statute, "Congress intended to leave the decision to dismiss with or without prejudice in the district court's discretion").

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 8] is **DENIED**.

3

2. Plaintiff's Complaint for Violation of Civil Rights [ECF No. 1] is **DISMISSED** *without prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(A).

3. All pending motions are **DENIED AS MOOT**.

4. The *Clerk* is **INSTRUCTED** to **CLOSE** this case and mail a copy of this Order to Plaintiff.

**DONE AND ORDERED** in the Southern District of Florida on August 6, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:    Rayon Payne, *Pro Se*
       A# 041189506
       233 Wyona Street
       Brooklyn, NY 11207

4